# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUU TIEU,<br><br>　　　　Defendant. | Case No. 1:20-cr-00109-ADA-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL REVIEW<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER DIRECTLY ON DEFENDANT<br><br>(ECF Nos. 64, 65, 69) |

Currently before the Court is a letter received by the Court on November 13, 2023, sent directly from Defendant Huu Tieu and dated November 3, 2023. (ECF No. 69.) The letter was not filed on the docket in this action through counsel, but was mailed to the Court. The Court construes the letter as a motion for bail review. For the reasons explained below, the Court denies Defendant's motion for bail review.

## I.

## BACKGROUND

On July 9, 2020, an indictment was filed charging Huu Tieu ("Defendant") with two counts of mail fraud in violation of 18 U.S.C. § 1341; three counts of introduction of misbranded drug into interstate commerce with the intent to defraud or mislead in violation of 21 U.S.C. §§ 331(a) and 333(a)(2); and seeking criminal forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), 21 U.S.C. § 334, and 28 U.S.C. § 2451(c). (ECF No. 1.)

Defendant made an initial appearance in custody on July 14, 2020, and pled not guilty. (ECF No. 4.)  A detention hearing was held and Defendant was ordered released on his own recognizance with numerous pretrial services conditions stated on the record. (Id.)  On the same date, an order setting conditions of release was issued. (ECF No. 6.)  In part, Defendant was ordered to "not represent any Golden Sunrise product as having been approved or having 'proven itself' to the FDA and must instruct all employees of Golden Sunrise Pharmaceutical, Golden Sunrise Nutraceutical, EDM Industries, Sylvia Harral, and Dr. Stephen Meis not to represent that any Golden Sunrise Product has been approved or has 'proven itself' to the FDA." (ECF No. 6 at 1-2.)

On May 30, 2023, a pretrial services violation petition was filed with an initial appearance on revocation proceedings set for June 7, 2023. (ECF No. 60.)  The petition alleged that on May 26, 2023, the assigned government prosecutor notified pretrial services that Defendant had published a paper in December of 2022 describing ImunStem as being FDA approved, and that the assigned government prosecutor indicated he had confirmed with the FDA that ImunStem is not FDA approved and has never been FDA approved. (Id.)

On June 7, 2023, Defendant made an initial appearance on the pretrial release violation petition. (ECF No. 64.)  Jeffrey Spivak appeared on behalf of the Government.  John Garland appeared on behalf of the Defendant.  Defendant was sworn and admitted the pretrial violation.  The Government sought detention, and Defendant argued for release on conditions.  The Court ordered Defendant detained, and denied the Defendant's request to self-surrender on June 8, 2023.  On June 8, 2023, the Court issued a memorandum order following the hearing on the pretrial violation petition. (ECF No. 65.)

On November 13, 2023, the Court received Defendant's letter dated November 3, 2023, which the Court construes as a motion for bail review. (ECF No. 69.)[1]

///

---

[1] The letter was not entered on the docket until November 15, 2023.  The court is also mindful that defendant is represented by counsel.  Defendant is admonished that all future letters will be filed with the Court.  Defendant is also again admonished that he has the right to remain silent, but that any statements by him may be used in evidence against him.

## II.

## LEGAL STANDARD

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." United States v. Ward, 63 F. Supp. 2d 1203, 1206 (C.D. Cal. 1999) (collecting cases); United States v. Terrone, 454 F. Supp. 3d 1009, 1017 (D. Nev. 2020) (same).

If a defendant passes that bar and the court reopens the detention hearing, then the government must show a risk of nonappearance by a preponderance of evidence, United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985), and danger by clear and convincing evidence, United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Once a court determines that the government has made the required showing, the Bail Reform Act allows the release of a defendant only if the court finds that a condition or combination of conditions would reasonably assure the defendant's appearance or the safety of the community. Courts are to consider the factors provided in Section 3142(g) of Title 18 and make an "individualized" determination on the need for detention. United States v. Scott, 450 F.3d 863, 874 (9th Cir. 2006); United States v. Hir, 517 F.3d 1081, 1086, 1090–93 (9th Cir. 2008). The Section 3142(g) factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

/ / /

## III.

## DISCUSSION

### A.     The Defendant's Letter

Defendant introduces the letter by stating: "I realize that both, defense and the U.S. Government attorneys consider any communication from me as frivolous and excessive but I pray that your Honor will read this communication so that it can appreciate my situation." (ECF No. 69.) Defendant states he does not contest his guilty plea, but requests a reconsideration of the order issued that revoked pretrial release on June 7, 2023. Therefore, the Court construes the letter as a motion for bail review.

Defendant states he should have reviewed his article better before submitting it to the Editorial Review Board of the Journalist Society. Defendant requests the Court reconsider the Government's argument that Defendant was a danger to the community because people may forgo treatment while using Golden Sunrise products in lieu of current medical treatment.

Defendant then states he believes he was not represented properly by his current counsel John Garland, throughout the process and especially at the revocation hearing. Defendant proffers counsel rarely met with him, has yet to give him the time of day, and "he informed me he was not prepared for the hearing of June 7, 2023[, and] he informed me that he barely read some of the Golden Sunrise and FDA documents received in discovery; furthermore, he has not made use of the attorney assigned to help him with my defense, an attorney familiar with U.S. Food and Drug Administration (FDA) laws and regulations." Defendant proffers that counsel failed to tell the Court the article was submitted to an organization in China, and not published to the general public anywhere in the world; and Golden Sunrise products in question were never sold to the general public, but rather "administered to the Serious or Life-threatening condition and disease patients by a Board Certified doctor thus there is no way that my publication in any way would have placed anyone in danger."

Defendant further proffers he is of the opinion his product was indeed approved by the FDA because an investigator did an onsite inspection in 2019, and did not issue a warning letter. Defendant also proffers that since September of 2022, he has prepared various Golden Sunrise

documents for his attorney, but they have not been reviewed.  Defendant states he believes his attorney simply has settlement on his mind and is not willing to deeply delve into this matter.

Defendant concludes that he is entitled to be heard by a jury, and doesn't believe that will happen unless his attorney is willing and able to devote the necessary time.

### B. The Court Finds no Information Existed that was not Known to the Movant at the Time of the Hearing and the Motion Shall be Denied

Again, pursuant to the order setting conditions of release issued on July 14, 2020, Defendant was ordered to "not represent any Golden Sunrise product as having been approved or having 'proven itself' to the FDA and must instruct all employees of Golden Sunrise Pharmaceutical, Golden Sunrise Nutraceutical, EDM Industries, Sylvia Harral, and Dr. Stephen Meis not to represent that any Golden Sunrise Product has been approved or has 'proven itself' to the FDA." (ECF No. 6 at 2.)  At the hearing held on June 7, 2023, there was no dispute by Defendant that Defendant violated this condition of pretrial release.  Therefore, there was no contested hearing on the issue of whether the pretrial condition was violated, and the initial issue of whether there is "clear and convincing evidence that the person has violated any other condition of release," 18 U.S.C. § 3148(b)(1), was established by Defendant's waiver or admission of the issue.  Accordingly, the parties focused their arguments on the question of whether there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community, or whether he is unlikely to abide by any condition or combination of conditions of release.  See 18 U.S.C. § 3148(b)(2).

As noted in the memorandum order, the Court rejected Defendant's argument that he misinterpreted the condition of release. (ECF No. 65 at 6 ("Taking the argument in the light most favorable to the Defendant, the Court concedes the condition could have been phrased a bit more clearly, perhaps with the addition of [the word 'by'] . . . [h]owever, based on the arguments presented at the hearing, the indictment in this case, the specific condition that was admitted to have been violated, and the published article at issue that was entered into the record, the Court finds the Defendant's proffered interpretation to be a wholly unreasonable interpretation of the

condition of pretrial release, and the Defendant's proffered excuse is more of a post-hoc attempt to circumvent the condition, or decided to parse the phrasing before attempting to circumvent the condition.").) The Court further stated that "if the Court were to accept that as a premise, the Court would then be put in a position where it must find the Defendant is not in a position to comply with any conditions, as it appears Defendant is unable to comply with reasonable conditions tailored to the specific crimes he is in fact charged with. (Id. at 6 ("For the reasons stated below, the Court finds Defendant did understand the subject condition, utterly disregarded its parameters as tailored to the charged crimes, and the Court concludes Defendant would not be able to comply with any additional conditions the Court could impose.").)

While Defendant's letter emphasizes the article was not published to the general public but rather the scientific and regulatory community, the Court's order specifically described the article and where it was published:

> The article in question entered into the record is entitled: "FDA Approves First Dietary Supplement under New Drug Application with the Indication of Serious or Life-Threatening Illnesses." The article was published in December of 2022, in Volume 13, Number 12, on the website entitled "Scientific Research," "[a]n Academic Publisher," available at https://www.scirp.org/journal/paperinformation.aspx?paperid=121936 (last accessed June 8, 2023). The articles authors are stated as: "Huu S. Tieu*, Martin F. Loeffler Golden Sunrise Nutraceutical, Inc., Porterville, USA." The article states: "The novelty of ImunStem is that it is the first dietary supplement to be approved by the US Food and Drug Administration for Serious or Life-threatening conditions or diseases."

(Id. at 6-7.) Thus, the Court clearly described that the article was published to a purported scientific/academic journal website. The article is available for the general public to access at such website without the need to login, purchase a subscription, or demonstrate they are part of the scientific or regulatory community, and the website will show up in general web searches for ImunStem.

In the Court's previous order, the Court considered whether the Defendant is unlikely to abide by any condition or combination of conditions of release, 18 U.S.C. § 3148(b)(2). (ECF No. 65 at 8.) The Court noted that "[b]ased on a review of the article, particularly the heading, the paper proceeds to speak to examples of patient testimonials of various diseases, many life-

1 threatening, and appears to give analysis by way of a first person perspective under the guise the
2 FDA approval," and the Court concluded that "Defendant absolutely knew what he was not
3 supposed to do, clearly violated the condition of release (as conceded), and if he actually didn't
4 know or understand the term of the condition, given the tenor of the indictment in relation to the
5 article, the Court would find the Defendant unable to abide by his terms and conditions, as
6 apparent by these actions."  Defendant's arguments attempting to distinguish the publication of
7 the article and proffer that he was not selling products to the public, do not present information
8 that was not known to the Defendant at the time of the hearing.  If anything, Defendant's
9 arguments demonstrate to the Court that he still is unable to accept and abide by clear conditions.

10      In the Court's previous order, it also considered whether there is no condition or
11 combination of conditions of release that will assure that Defendant will not flee or pose a danger
12 to the safety of any other person or the community, 18 U.S.C. § 3148(b)(2).  (ECF No. 65 at 8
13 ("Here, to target people with serious or life-threatening medical conditions, with a foreseeable
14 result that people in their position will take medication with the sense of hope that pain or life-
15 threatening conditions will be alleviated, presents a clear danger to society, and could result in
16 harm or death for individuals [and] [t]he Court therefore finds that to be a danger to persons in
17 the community, and the disregard of the laws and the restrictions the Court has imposed,
18 demonstrates there is no condition or combination of conditions that would assure the safety of
19 community.".)  Defendant's proffered information in the letter does not present any information
20 that was not known to the Defendant at the time of the hearing.

21      Finally, the Court does not find a basis for relief from the Defendant's letter's proffer that
22 he is not receiving adequate representation from his attorney.  The Supreme Court has explained
23 that "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his
24 client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel."
25 Morris v. Slappy, 461 U.S. 1, 11, 13-14 (1983) ("The Sixth Amendment does not guarantee a
26 / / /
27 / / /
28 / / /

meaningful relationship with counsel."). Defendant has not demonstrated constitutional violations.[2]

### IV.

### CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Defendant has not shown that information exists that was not known at the time of the bail hearing, as required for reopening the hearing under 18 U.S.C. § 3142(f). See Ward, 63 F. Supp. 2d at 1206 ("[H]earings should not be reopened if the evidence was available at the time of the initial hearing.").

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Huu Tieu's motion for bail review is DENIED[3]; and
2. In addition to service on all counsel, the clerk of the Court is DIRECTED to serve this order on Defendant at the following address: Huu S. Tieu, 79120097, P.O. Box 637, McFarland, California 93250.

IT IS SO ORDERED.

Dated: **November 15, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not foreclose Defendant's ability to bring a more developed constitutional challenge or other motion requesting certain relief in relation to ongoing representation. The Court finds no basis from Defendant's accusations that would justify or support the requested reconsideration of the Court's order revoking pretrial release. The Court is fully aware of the level of representation provided by Mr. Garland over the years and has found him to extremely competent in representing his clients and well-versed in federal criminal law and a zealous advocate for his client when appropriate.

[3] Any other motions shall be filed as a proper motion rather than a letter to the Court, with a title describing the type of motion presented, or specific relief sought.